UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HYUNDAI MERCHANT MARINE CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:15-CV-3576-G |
| CONGLOBAL INDUSTRIES, LLC f/k/a CONGLOBAL INDUSTRIES, INC., ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Drayage Express LLC

("Drayage"), to dismiss the plaintiff's claims against it, or in the alternative to

transfer the plaintiff's claims against it back to the United States District Court for

the District of South Carolina (docket entry 54). For the reasons stated below,

Drayage's motion to dismiss is denied, but Drayage's alternative motion to transfer

the plaintiff's claims against it to the United States District Court for the District of

South Carolina is granted. The plaintiff's claims against Drayage are severed from its

claims against the defendants Conglobal Industries, LLC and Conglobal Industries,

Inc. (together "CGI"), and the plaintiff's claims against Drayage are transferred to the United States District Court for the District of South Carolina.

I. BACKGROUND

A. Factual Background

On May 1, 2009, the plaintiff, Hyundai Merchant Marine Co., Ltd. ("HMM") and CGI entered into a Container Yard and Depot Agreement ("CGI agreement"). *Hyundai Merchant Marine Co., Ltd. v. ConGlobal Industries, LLC*, No. 3:15-CV-3576-G, 2016 WL 695649, at *1 (N.D. Tex. Feb. 22, 2016) (Fish, J.). Under the CGI agreement, CGI agreed to provide services at its facilities to HMM, including monitoring the refrigerated containers and checking the temperature of the equipment. *Id.* CGI agreed to indemnify HMM against losses arising out of or in connection with CGI's services. *Id.* The CGI agreement contained a clause entitled "Governing Law and Venue", which CGI contended was a binding arbitration clause. *Id.* at *3. This court concluded that the CGI agreement does not contain a binding arbitration clause. *Id.* at *4. The clause requires any dispute between CGI and HMM to be governed by the law of the State of Texas and resolved in Dallas County, Texas. *Id.* at *1.

On or about July 13, 2010, HMM's cargo and equipment were discharged to CGI in Charleston, South Carolina. Plaintiff's Complaint ("Complaint") ¶ 19 (docket entry 1). On July 23, 2010, the cargo and equipment were interchanged to

- 2 -

Drayage for transport by truck to Forest Park, Georgia. *Id.* ¶ 20. HMM alleges that the equipment sustained damage while in the custody of CGI and/or Drayage as a result of exposing the cargo to elevated temperatures. *Id.* ¶ 21.

B. <u>Procedural Background</u>

In April 2015, HMM filed this suit against CGI and Drayage in the District of South Carolina. *See* Complaint. In its complaint, HMM asserted claims against both defendants for breach of implied warranty, negligence, and duty of indemnity. *Id.* ¶¶ 32, 35, 39. In June 2015, CGI filed a motion to dismiss HMM's complaint pursuant to Fed. R. Civ. P. 12(b)(3) (docket entry 5). In November 2015, Judge David C. Norton of the District of South Carolina denied CGI's motion to dismiss and *sua sponte* transferred the whole case to the Northern District of Texas. Order of November 4, 2015 at 1 (docket entry 27). Drayage did not file a response to CGI's motion to dismiss. After the suit was transferred to this court, CGI filed a motion to dismiss HMM's complaint, or alternatively to compel arbitration and to stay the case (docket entry 34). In February 2016, this court denied CGI's motion to dismiss and alternative motion to compel arbitration. *Hyundai Merchant Marine Co.*, 2016 WL 695649, at *4.

On March 7, 2016, Drayage filed the instant motion to dismiss or in the alternative to transfer (docket entry 54). HMM (docket entry 60) and CGI (docket

entry 61), respectively, filed timely responses.  Drayage did not file a reply.  The

motion is now ripe for consideration.

## II. <u>ANALYSIS</u>

Drayage contends that it is entitled to an order, pursuant to FED. R. CIV. P.

12(b)(2) and 12(b)(3), dismissing HMM's claims against it on the grounds that this

court lacks personal jurisdiction over Drayage and it is an improper venue.

Memorandum in Support of Drayage's Motion to Dismiss, or in the Alternative to

Transfer ("Memorandum") at 1 (docket entry 55).  Before it went out of business,

Drayage was a corporation organized and existing under the laws of Pennsylvania

with its principal place of business in Holland, Pennsylvania.  *Id.* at 2.  Drayage does

not have any contacts, let alone sufficient minimum contacts, with Texas.  See *id.* at

10-11.  Drayage is not a party to the CGI agreement that contains the forum

selection clause requiring litigation in Dallas County, Texas.  The dispute between

HMM and CGI and Drayage arises out of events occurring in South Carolina and

Georgia.  Complaint ¶¶ 19-20.

CGI does not oppose Drayage's request to dismiss or transfer HMM's claims

against Drayage, but opposes Drayage's motion to the extent that it requests or

requires the court to transfer HMM's claims against it.  CGI's Response in

Opposition to Drayage's Motion to Dismiss or in the Alternative to Transfer ("CGI's

Response") at 1 (docket entry 61).  HMM does not dispute that this court lacks

personal jurisdiction over Drayage. *See generally* HMM's Response in Opposition to Drayage's Motion to Dismiss or in the Alternative to Transfer ("HMM's Response") (docket entry 60). Instead, HMM contends that Drayage waived its right to assert the defense of lack of personal jurisdiction. HMM maintains that Drayage waived the defense of lack of personal jurisdiction by (1) Drayage's inaction before the District of South Carolina through not objecting to the transfer to this court, and/or by (2) Drayage's action before this court through filing a general appearance. *Id.* at 4-5. Since it is clear and undisputed that this court lacks personal jurisdiction over Drayage, see *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-75 (1985), the court need only determine whether Drayage has waived its right to assert the defense of lack of personal jurisdiction.

### A. Waiver of Personal Jurisdiction

HMM contends that Drayage waived its right to assert the lack of personal jurisdiction defense through its inaction before the District of South Carolina seeking to "benefit from the terms" of the CGI agreement. HMM's Response at 4. There is no question that the defense of lack of personal jurisdiction can be waived by the actions or inactions of a defendant. See *General Design Sign Company, Inc. v. American General Design, Inc.*, No. 3:02-CV-2298-H, 2003 WL 251931, at *1 (N.D. Tex. Jan. 31, 2003) (Sanders, J.) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (2d ed. 2002)). Waiver of a personal

jurisdiction defense most commonly arises when a defendant fails to raise the issue in either a responsive pleading or a Rule 12 motion. *See* FED. R. CIV. P. 12(h)(1). When Drayage filed its answer (docket entry 8), the case was before the District of South Carolina and that court had personal jurisdiction over Drayage. The lack of personal jurisdiction defense was thus unavailable at that time. See *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738-39 (1st Cir. 1983) (exception to strict waiver rule where the defense was not available at the time defendant filed its answer); *Flock v. Scripto-Tokai Corporation*, No. CIV. A. H-00-3794, 2001 WL 34111630, at *3 (S.D. Tex. July 23, 2001) (same).

Personal jurisdiction may also be waived implicitly. See *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-05 (1982). When determining whether a defendant waived its right to assert the defense, courts have generally analyzed (1) the length of time between service of process and the defendant's pursuit of the personal jurisdiction defense and (2) the extent of the objecting defendant's involvement in the suit. The District of South Carolina transferred this case to this court in November 2015. Drayage did not file its motion to dismiss to until March 2016, roughly four months after this case was transferred to this court. While four months is not an insignificant amount of time, CGI has not cited any case -- nor has the court found any case -- where a court concluded that a defendant's failure to assert the defense within a similar time period constituted a

waiver.  See *e.g.*, *Brokerwood Products International (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 Fed. App'x 376, 380-81 (5th Cir. 2004) (finding that district court erred in holding that defendant waived challenge to personal jurisdiction where seven months passed between defendant's answer raising defense and its motion to dismiss); *Schwartz v. M/V GULF SUPPLIER*, 116 F. Supp. 2d 831, 835 (S.D. Tex. 2000) (finding waiver where defendant listed the personal jurisdiction defense in its answer, but failed to file motion to dismiss until the eve of trial nine months after action commenced).  The four month delay here is insufficient to waive personal jurisdiction.

The more actively a defendant has litigated, the more likely it is that the court will find the defendant waived defects in personal jurisdiction.  *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001) (acknowledging the "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections").  Drayage has principally been a passive player in this suit from the time of its first appearance until filing its motion to dismiss.  Drayage only submitted required pre- and post-transfer filings (docket entries 8, 9, 40, 48).  Drayage's answer while the case was pending before the District of South Carolina was filed to avoid default judgment (docket entry 8), and Drayage's Notice of Appearance before this court (docket entry 48) was filed pursuant to Northern District of Texas Local Rule 83.10(a) (docket entry 40).

- 7 -

Drayage did not respond to either of CGI's motions to dismiss. This level of participation falls well below the level of active or extensive litigation on the merits necessary to constitute waiver-by-conduct. See *PaineWebber Inc.*, 260 F.3d at 459-61; *Cuisine Crotone, Inc.*, 104 F. App'x at 380-81 (concluding that participating in a scheduling conference, providing initial disclosure, filing a motion to strike the jury demand, and filing discovery requests during the seven months between making its personal jurisdiction objection in its answer and filing its motion to dismiss did not constitute waiver due to active litigation on the merits).

Next, HMM specifically contends that Drayage's failure to object before transfer waives its jurisdictional defense. HMM's Response at 4. HMM does not cite any cases in which waiver has been found for a similar period of inaction or for an even shorter period of time before transfer. Moreover, CGI's motion to dismiss filed in the District of South Carolina did not request transfer to this court. *See* CGI's Motion to Dismiss HMM's Complaint (docket entry 5). In its reply to HMM's response to its motion to dismiss, CGI suggested that the District of South Carolina could *sua sponte* transfer the suit to this court in the alternative. *See* CGI's Reply in Support of its Motion to Dismiss HMM's Complaint at 2-3, 4-5 (docket entry 12). Then the District of South Carolina *sua sponte* transferred the whole action to this court with no mention of whether the transferee court (*i.e.*, the Northern District of Texas) has personal jurisdiction over Drayage. Order of November 4, 2015 at 10.

Drayage's temporal lag is insufficient to constitute a waiver of a personal jurisdiction defense, particularly given its lack of minimum contacts with Texas.  See *Cuisine Crotone, Inc.*, 104 Fed. App'x at 380-81.

Lastly, HMM maintains that Drayage waived its right to assert the defense of lack of personal jurisdiction by filing a general appearance (docket entry 48).  HMM's Response at 4.  CGI's argument might be valid under the Texas Rules of Civil Procedure, *see* TEX. R. CIV. P. 120(a)(1), but not under the Federal Rules of Civil Procedure.  See *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 490 (5th Cir. 1974) (concluding that the "Federal Rules of Civil Procedure abolished the technical distinction between general and special appearances."), *overruled on other grounds*, *Compagnie des Bauxites de Guinee*, 456 U.S. at 702-03, *as stated in Burstein v. State Bar of California*, 693 F.2d 511, 518 n.12 (5th Cir. 1982).  Under Rule 12, a defendant may assert a jurisdictional defense despite the fact that his voluntary appearance has called into existence the power of the court to adjudicate the merits of the controversy. *Orange Theatre Corporation v. Rayherstz Amusement Corporation*, 139 F.2d 871, 874 (3d Cir.), *cert. denied*, 322 U.S. 740 (1944); *Capacitive Deionization Technology Systems, Inc. v. Water & Sand International Capital, Inc.*, No. 3:08-CV-0038-P, 2008 WL 2796071, at *2 (N.D. Tex. Apr. 21, 2008) (Solis, J.).  About the only time where it can be said that a defendant actively waives any objections to jurisdiction is when defendant files a responsive pleading without first filing or simultaneously filing an objection to

jurisdiction. FED. R. CIV. P. 12(h)(1). Drayage's Notice of Appearance is not a

responsive pleading or answer on the merits, but was filed to satisfy Local Rule

83.10(a). Drayage's Notice of Appearance cannot be construed as an affirmative

action that waived its jurisdictional defense. *Water & Sand International Capital, Inc.*,

2008 WL 2796071, at *3. The court concludes that Drayage did not waive its right

to assert the defense of lack of personal jurisdiction. Therefore, the court must either

dismiss HMM's claims against Drayage for lack of jurisdiction or transfer HMM's

claims against Drayage back to the District of South Carolina for further

consideration.

## B. Dismissal or Transfer

Where a court finds it lacks personal jurisdiction, it may dismiss the action

pursuant to FED. R. CIV. P. 12(b)(2). In the alternative, a federal court is authorized

under 28 U.S.C. § 1406(a)* to transfer the action to "any district or division in which

it could have been brought" if the court finds that it is "in the interest of justice" to

transfer the action. See *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967); *In*

*re Rolls Royce Corporation*, 775 F.3d 671, 680-81 (5th Cir. 2014), *cert. denied sub nom.*

---

* The court applies § 1406 not 28 U.S.C. § 1404 because the court lacks personal jurisdiction. See *Herman v. Cataphora, Incorporated*, 730 F.3d 460, 466 (5th Cir. 2013); *Brown v. Bob Tyler Suzuki, Inc.*, No. 1:11-CV-116-HSO-JMR, 2012 WL 293486, at *4-5 (S.D. Miss. Jan. 31, 2012). Since the court is an improper venue to hear HMM's claims as to Drayage, the court need not engage in the private and public interest factors analyzed under a motion to transfer under 28 U.S.C. § 1404 as set forth in *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), *cert. denied*, 555 U.S. 1172 (2009). See *Herman*, 730 F.3d at 466.

*PHI Inc. v. Rolls Royce Corporation*, __ U.S. __, 136 S. Ct. 45 (2015). Section 1406(a) permits transfer where the current forum is improper due to the existence of some obstacle to adjudication on the merits. *Id.* The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction to a district where venue is otherwise proper. 28 U.S.C. § 1406(a); see also *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985); *FAS Technologies, Ltd. v. Dainippon Screen Mfg. Co., Ltd.*, No. 3:98-CV-2842-G, 2000 WL 193621, at *2 (N.D. Tex. Feb. 16, 2000) (Fish, J.).

HMM did not file the suit in this court. *See* Complaint. The case is before the court due to a transfer from the District of South Carolina based on a forum selection clause in the CGI agreement between HMM and CGI. Transferring a portion of this suit back to the District of South Carolina would constitute a re-transfer. This court is loathe to upset the determination of the District of South Carolina that this suit should have been brought before this court. The District of South Carolina is correct that the dispute between HMM and CGI should have been brought in Dallas County, Texas from the outset. However, the District of South Carolina did not determine whether the Northern District of Texas would have personal jurisdiction over all the parties, specifically Drayage, in this suit. *See* Order of November 4, 2015.

Generally, the transferee court should not review the decision of the transferor court. *In re Cragar Industries, Inc.*, 706 F.2d 503, 505 (5th Cir. 1983). "'If the motion

to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous." *Id.* (quoting *United States v. Koenig*, 290 F.2d 166, 173 n.11 (5th Cir. 1961), *aff'd sub nom.*, *Di Bella v. United States*, 396 U.S. 121 (1962) (internal quotations omitted)).  This policy avoids the "additional potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and respect due sister courts." *Id.*  However, this court lacks personal jurisdiction over Drayage, and therefore it is left only with the choice of whether to dismiss -- or transfer -- HMM's claims against Drayage.

The court must weigh carefully whether the inconvenience of splitting the suit outweighs the advantages to be gained from the partial transfer.  *In re Rolls Royce Corporation*, 775 F.3d at 680-81.  Dismissing HMM's claims against Drayage would prejudice HMM and would only lead to HMM bringing its claims against Drayage in the District of South Carolina again and starting the case anew.  Forcing HMM to refile its claims against Drayage would not be in the interest of either party.

This is a situation where the District of South Carolina committed manifest error by not determining whether this court had personal jurisdiction over all parties. The District of South Carolina correctly concluded that the CGI agreement's forum selection clause required the dispute between HMM and CGI to be litigated in Dallas

County, Texas, but it overlooked Drayage.  Now, this court is forced to play
"jurisdictional ping pong" and sever HMM's claims as to Drayage and transfer them
back to the District of South Carolina.  *Illinois Union Insurance Company v. Tri Core
Inc.*, 191 F. Supp. 2d 794, 799-800 (N.D. Tex. 2002) (Lynn, J.).  The unfortunate
result is that HMM will have to try related cases in two different jurisdictions.  This
court cannot, however, keep the whole suit as it currently stands.  *Aguacate
Consolidated Mines, Inc., of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 524 (5th Cir.
1978) (concluding that transfer of a case is appropriate to remove an "obstacle to . . .
an expeditious and orderly adjudication" on the merits of a case); *Cruz v. Cruz*, No.
3:14-CV-3846-D, 2015 WL 10372439, at *3 (N.D. Tex. Dec. 21, 2015) (Stickney,
Mag. J.), *report and recommendation adopted sub nom., De La Cruz v. Cruz*, No. 3:14-CV-
3846-D, 2016 WL 728699 (N.D. Tex. Feb. 24, 2016) (Fitzwater, J.).  It is in the
interests of justice that the court sever HMM's claims against Drayage and transfer
them back to the District of South Carolina.  *Herman*, 730 F.3d at 466; *In re Rolls
Royce Corporation*, 775 F.3d at 682-83.

### III.  <u>CONCLUSION</u>

For the reasons stated above, the defendant Drayage's motion to dismiss is
**DENIED**, and its alternative motion to sever and transfer plaintiff's claims asserted
against it back to the United States District Court for the District of South Carolina
is **GRANTED**.  The clerk of the court is directed to **SEVER** the complaint against

- 13 -

Drayage, assign it a new case number, and **TRANSFER** it to the **United States District Court for the District of South Carolina**.

**SO ORDERED**.

April 21, 2016.

A. JOE FISH
**Senior United States District Judge**